Case number 3-21-0042, People of the State of Illinois, Appley v. Stephen R. Plymale, Appellant. Ms. Taylor, you may proceed. Good afternoon. May it please the Court, Counsel. I am Kelly Taylor from the Office of the State Appellate Defender on behalf of the Appellant, Stephen Plymale. This is a direct appeal and Mr. There are two issues in the case. Number one, the jury acquitted Mr. Plymale of aggravated criminal sexual abuse when it found him not guilty, and the Court's order that the jury return to the jury room to continue deliberating violated his right against double jeopardy. And number two, the Court erred in admitting ZL's videotaped statement from July 2019 pursuant to Section 11510 because ZL was 14 years old at the time she gave that statement. There were, the jury returned three not guilty verdict forms. They were all signed. The one at issue in this case reads, We, the jury, find the defendant Stephen Plymale not guilty of aggravated criminal sexual abuse as charged in count two alleging sexual conduct by the defendant touching the breasts of ZL. The verdict form was not ambiguous or confusing and the jury was provided both the guilty and not guilty verdict forms. The juror signed an appropriate form acquitting Mr. Plymale of count two, just as they did for counts one and three. In Illinois, an acquittal in a jury trial is defined in 720 ILCS 5-2-1 as a verdict or finding of not guilty of an offense rendered by a legally constituted jury. A legally constituted jury found the defendant not guilty, acquitting him of the aggravated criminal sexual abuse charge. When the judge was reading all the verdict forms, the jurors expressed concern with, as count two was being written. Luckily, this issue is not a common one because this appears to be a case of first impression in Illinois. The jurors are tasked with the extremely important decision of deciding whether a defendant is guilty or not guilty. It should be a given that they read the verdict forms before they sign them. In contract law, you cannot negate the terms of a contract by stating that you didn't bother to read it before you signed it. The Supreme Court of the United States has stated that a mistaken acquittal is an acquittal nonetheless. In Illinois, there is no reconsidering an acquittal, mistaken or otherwise. The state cannot file a motion for new trial. The state cannot ask for a judgment notwithstanding the acquittal. The state cannot appeal a not guilty verdict and the state cannot even poll jurors to ask them whether not guilty was and is still their verdict. These safeguards in favor of defendants align with the well-known doctrine that it is better that 10 guilty persons escape than the one innocent person suffer. Ms. Kelly, may I ask you this question, or I will ask you this question. People versus Alamo, Supreme Court case. It seems to focus on when it becomes a verdict. So we have, you know, it's a finding of the jury was read by the court. And allegedly it was a mistake, at least no one on the jury said otherwise. So is this just a finding, but it's not a verdict at the point in the trial that this happened? Well, the statute is pretty clear that the verdict is a finding of not guilty rendered by a legally constituted jury. If it were, if the statute intended for a verdict to not be official until a court, a judge said it was, then that would be in this in the statute. Also in that. What was that statute in existence when the Supreme Court and Alamo decided that case? Um. Looks like 90 effective 1962. And Alamo was 1985 case. So I think that anything. Brainius that the court did or says is extemporaneous and also Alamo has to do with. Inconsistent verdicts here. There's they're not it's not it wasn't legally inconsistent. There was no reason to believe that the jurors made a mistake at a time that the verdict forms were signed. Um, it was almost says that it has to be. It's the courts. In Alamo, the trial judge received the verdicts and upon reading them realized that the convictions of murder and voluntary manslaughter were inconsistent. In in both form and substance, whereas in this case, there's no reason, especially as the judge was reading it to think that it was inconsistent in former substance, especially when the other two. The other two verdicts were not guilty as well. So you're saying that jury cannot correct itself once it comes into the courtroom and the foreman passes on the a form to the judge. When it acquits no. If it were. If the jury were. Um. Like, for instance, when the jury is pulled, and the jury can only be pulled by the defendant at that point, if they're, you know, if a juror says that's not my verdict, I was coerced. There are avenues for the for the defendant to to have some recourse there in the form of the judge can do a judgment notwithstanding the verdict new trial things like that. But for an acquittal, which benefits all the protections benefit the defendant. That's it. Once once a, even a mistaken acquittal is still an acquittal. As it was here. And then even discord in people versus King in 1974. The state there argue that that it was manifest necessity and the ends of public justice that the that the court's verdict, the court found that two of the four verdicts were inconsistent and took it upon himself to declare a mistrial in that case in King, and this court said, no, I mean, by necessary implication, neither any end of public justice nor manifest necessity would or should authorize the declaration of a mistrial after a verdict of acquittal has been returned by a jury. So even in that case, where the judge said, hey, these are legally inconsistent. This core the third district court still found that know the jury acquitted on two of those four and those two should have stayed in acquittal. When did you say that was part of me? When did you say King was decided 1974? So, that was before the Supreme Court decision and Elmo. It was, but almost there's still there. They deal with the inconsistent verdicts. And in our case, there was no inconsistent verdict. It was an acquittal and per statute. It should have remained in acquittal. Well, I'm having a little trouble with your analysis here. It seemed fairly straightforward and almost the finding of a jury does not become a verdict until it has been received, accepted by the court and entered a record. Was that the case here? That's what? Um, but still, I mean, for it to be inconsistent, inconsistent with the statute, it should still be in favor of the defendant. I mean, the statute says no more than that. Once the verdict, once the jury has returned the verdict, which it did here, Elmo just. I mean, that's it's like excessive and it's not in favor of the defendant. Mm hmm. Once acquitted, um. As Mr. Playmail was here, he cannot he cannot again be placed in jeopardy. And the court violated his rights against double jeopardy when it ordered the jury to return to the jury room and continue deliberating. For these reasons, Mr. Playmail respectfully request that this honorable court reverses conviction for aggravated criminal sexual abuse. The court also aired when it admitted ZL's out of court statement from July 2019 because ZL was 14 years old when she gave that statement and section 115 10 no longer applied. The state concedes ZL was 14, but instead argues that the defendant was not prejudiced because the evidence was not closely balanced, nor was there a credibility contest. However, the jury here would beg to differ. If there was no credibility contest, the jury would have accepted ZL's word and convicted Mr. Playmail on all three counts. ZL's story changed a few times. Um, the Mr. Playmail and his wife had had had just had a conversation with ZL and her mother LL about them decreasing their financial assistance. And LL complained to officer keen that Mr. Playmail was giving them no more rides or help. And this was after LL learned about the alleged abuse. So also the child advocacy center interviewer said that ZL was more relaxed during her July 2019 statement that she gave and that's probably because she had another opportunity to tell her story without being cross examined. Repetition of testimony in the form of prior consistent statements presents the danger that a jury will be over persuaded as to its truth. The jurors heard ZL's recounting of the acts alleged in count to first when she gave her trial testimony, then during the 2017 video interview, and then again during the inadmissible 2019 interview. There are inconsistencies in all three of those hearsay statements. Between which counts. Well, you're saying the same in the interviews or statements. As to the other acts, there were inconsistencies. The, um, the acts contained in count to here. She was fairly consistent between the three, um, the three interviews, which is why this third interview has the danger of really reinforcing the, um, you know, the jury hearing this prior detailed consistent statement, um, and bolstering her trial testimony. Isn't it clear that the, that the jury rejected this 2019 video as to count one. Because I clearly found it funny, but not guilty of count one. Correct. Your honor. Um, count one had changed. That had changed drastically over the three. The three videos count to remained. Somewhat the same and the danger of the jury hearing count to for the third time in this relaxed, um, this relaxed environment. Um, it was just a great, especially in such a close case here. There's just that danger that it really bolstered the trial testimony and, um. And and swayed them on account to. It doesn't seem like it would have had that effect since they rejected it. I mean, they found him guilty on the only thing that she added in that July statement. In this, in with the case being this close though, I think it's, it's hard. It's impossible to say that something did not impact the jury one way or another. Um, it's for, I think it has to, I think there's case law that says that there has to be an affirmative showing that it did not prejudice. Um, or impact the jury in here. It definitely could have considering that it was a, another detailed prior consistent statement in a laid back environment with the laid back with no cross examination. Um, really giving the jury that, um, the chance to hear that again, I think my light is on. Um, so this, you will have, you will have time and reply. Okay. This, this honorable court should therefore reverse defendant's conviction and remand for further proceedings. Thank you. Ms. Theo, Theo Dorados. May it please the court. Good afternoon. My name is Jessica Theodorados and I represent the people. First, double jeopardy was not implicated here because there was never a judgment entered acquitting the defendant of count two. It's quite a stretch to call the jury immediately informing the court that an improper form was turned over prior to the judgment being entered a violation of double jeopardy. Double jeopardy only applies to situations where the defendant is unequivocally acquitted and there is a final ruling of guilt. Here, the court read the form for count two is not guilty, which was the charge that alleged that defendant sexually touched the 12 year old's breasts and the jury looked befuddled and a jury member immediately spoke up and said, that's not right. Both the state and the defense agreed to pull the jury. Every member of the jury said on the record that not guilty was not their verdict for count two. So the court sent the jury members back to the, to return the right form. The jury found defendant guilty of count two, as was their intention from the beginning, as was sorted out before a judgment was entered by the court and defendant was acquitted. At the time of the jury form debacle, no final ruling had occurred. When the jury returned the form that they intended, which found defendant guilty, it was merely a correction of clerical error. Defendant was not subject to additional persecution and no final judgment had been made on the determination of his guilt. This is not a situation where the forms are read and the jury was sent back to deliberate more or discuss the evidence against the defendant. The jury was pulled for the record, explicitly provided that they wanted to find defendant guilty of count two, and then they just remedied their clerical error. This cannot in any conceivable way be considered to have violated the bar against double jeopardy. The case law is clear, there needs to be a judgment of acquittal entered by the court to trigger double jeopardy. Before jury's verdict is accepted by the court and the judgment is entered and final, the jury can correct mistakes they make when filling out the verdict forms. I do believe that Alma is directly on point because it discusses that a judgment is not final in the interim of after a jury returns the verdict forms and before the court accepts the verdicts contained in the forms. In Alma, a jury returned the verdict forms finding the defendant guilty of both murder and manslaughter, so the trial judge sent the jury back to re-deliberate with more instructions. Then the jury returned the verdict of guilty for only murder, and if the trial court receiving verdicts and sending the jury back to with more instructions that end up changing the jury's decision would not implicate double jeopardy, double jeopardy should not be implicated in a case like this. So, therefore, the people respectfully request that this court affirm defendant's conviction on the basis that he was never acquitted of count two. Second, defense counsel has was not ineffective for failing to object to the admission of the recorded video statement that the victim gave when she was 14. Because it's very obvious that defense counsel could have been employing sound trial strategy for not objecting to the 2019 video on that basis, because he wanted. What would that be? That the victim was unreliable. Defense counsel objected to the 2017 videos on the basis that the child had motive to lie and was unreliable, so by excluding this 2019 video where the victim comes up with an additional accusation and discloses a different type of abuse, it was reasonable for defense counsel to argue that to try to show the jury that the victim was upping the ante, as he called it, against the defendant and was therefore unreliable. So this could fall under a sound trial strategy. So this was actually argued by the trial counsel. Trial counsel did argue for the exclusion of the 2019 video on the basis that the child was unreliable and lying. Yeah, but I mean before in trial. I believe in arguments, it just was more of a vague unreliable that I don't think that the 2019 interview was directly attacked. Isn't that a problem? Perhaps, but I don't believe that this case. Okay. How could that be trial strategy? Well, I think that it could have the defense counsel could have wanted the inclusion of this video. Where the victims is older and is making different accusations than she had made initially. So if there's two prior consistent statements and then one that is inconsistent that could help the defense's case. So this was argued vigorously before the jury, right? No, I wouldn't say vigorously. Was it argued? I do believe it was argued in some way and understood in some way. There is the strong presumption that counsel was not professionally was was not acting professionally incompetent. So this court could find that trial counsel was not objectively unreasonable for not objecting on this basis. But if this court does find that it was error cannot object on the specific basis of the victim being too old to testify under the statue. Ultimately, it was harmless error given all the other evidence presented including the victims to earlier recorded statements the victim's testimony on the stand the victim's mother's corroborative testimony testimony by law enforcement and the three other victims testifying relying similar stories of abuse. But not a single one of those people testified to any penetration. No, and the defendant was not found guilty of penetration. I'm sorry? Defendant the jury didn't find defendant guilty of penetration. The jury only found defendant guilty of fondling the child's breasts. Right, but the question is whether this the statement was improperly admitted. And the 2019 you're saying that there's corroboration for it and therefore it was okay, but there was no corroboration for the only thing that was added in that July statement. I just believe that the the timeline of events was corroborated and the victim testified to that information and trial to which is Robert him but ultimately, that's not the important factor for the from that statement. Is it? The timeline is not the critical factor that that statement adds what it adds is a is an allegation of penetration. Right? That the jury found unreliable and ultimately didn't impact their decision of finding. The defendant guilty of the axle edge by the victim. So, I don't believe that it would affect his being found guilty of count to just by the inclusion of the 2019 video. I think that this would absolutely fall under harmless error. Um, there was a wealth of evidence that put the defendant in the story that the state was trying to present that and he himself admitted to mistakenly touching his nieces breast twice. And his version of events was that the 12 year old was lying because defendant and his wife told her that they didn't want to keep spending money on her. I don't believe that this would fall under a situation being close closely balanced. And the jury only found defendant guilty of count to which was the fondling of the breasts and the 2019 interview provided the additional information about the oral abuse. So it's very unlikely that the 2019 video statement impacted the jury's decision. Um, even if it was error for trial counsel, not to object on those specific grounds of being the age of the victim. The evidence presented, I believe, was very heavily in favor of the people's version of events and would not qualify as closely balanced that one of the recorded statements would have affected the outcome of trial as it came to count to. So we're only the defendants only found guilty of one count of aggravated criminal sexual assault. That's correct. Um, related to fondling of the victim's breasts. And that's all I have today. Are there any other questions I can answer? You agree that it was plain air. It would be harmless error. If this court finds that it was not within sound trial strategy. The plain air is because there was no objection made by defense counsel. Right. Well, he objected on different grounds. On the basis of it being unreliable. Any questions from the court further? Um, I believe there are none. Thank you. Ms. Taylor, you may reply. Thank you. So, you know, we've, you know, we've been back and forth on almost quite a bit. Um, but I just want to say that I think almost just is that it's not really on point here because of the legally inconsistent verdicts. The, uh, the court pointed out that the trial court had no choice, but to send the jury back because of the two competing verdicts of murder and voluntary manslaughter. Whereas here there was no competing, no competing verdicts. Um, and they were informant substance. The not guilty acquittal was proper. Um, it was rendered by the jury under the statute and nothing more than that is required. Also, as to the 2nd issue, um, I don't believe that this was trial strategy, um, considering defense counsel did attempt to keep that 2019 video out. Um, and even if it were somehow counsel strategy for the jury to hear the, um, the new change statement, um, she did testify to that. That new, um, the new information at trial, so the jury was going to hear it, the, the differing statements 1 way or another, and the 2019 statement definitely was not necessary. For the jury to hear that, and for him to make the argument that the witness was unreliable, I just also would like to point out that in people versus easy decided to. The court is the 2nd district case, but their trial counsel objected to the to a 1, 1510 video for a different reason. Um, and the court still considered it on the basis that. Um, the victim was too old and did not qualify under 1, 1510. so I think there's a number of ways that this court can reach the issue, even even if it was objected to on slightly different grounds, the court can still reach it. Or, as discussed under plain air or ineffective assistance, I also still think that, um, it was, although. Although the, it was a different that 2019 video introduced a different act than the 1, Mr. Um, prior consistent statements, just being really being in a problem and, um. And swaying the jury, especially in a really close case that we have here. So. Okay, I think I hit my points. And, uh, Mr. Plymouth respectfully request that this court reverses conviction for aggravated criminal sexual abuse outright. And in the alternative, he respectfully request that the court reverses conviction and remand for further proceedings. Thank you any questions. Okay. Well, thank you counsel both for your arguments in this matter this afternoon.